[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11557

Non-Argument Calendar

_____

SHERVONTAY ROUNDTREE,

Plaintiff-Appellant,

*versus*

SHARON BOWERS,
Individual capacity,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 1-20-cv-63-AW-GRJ

————————————

Before JORDAN, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Shervontay Roundtree appeals from the district court's order denying his motion for a new trial following a jury verdict in favor of Officer Sharon Bowers on Roundtree's 42 U.S.C. § 1983 claim alleging that Officer Bowers violated Roundtree's Fourth Amendment right by using excessive force on him. Roundtree argues that the district court abused its discretion by denying his motion in limine, by precluding him from introducing evidence of an investigatory report and by denying his motion for new trial. Having read the parties' briefs and reviewed the record, we conclude that the district court did not abuse its discretion in its evidentiary rulings in denying Roundtree's motion in limine and its order denying Roundtree's motion for new trial. Accordingly, we affirm the judgment entered on the jury's verdict in favor of Bowers.

I.

We review the district court's evidentiary rulings for an abuse of discretion. *See Kropilak v. 21ˢᵗ Century Ins. Co.*, 806 F.3d 1062, 1067 (11th Cir. 2015). We also review a district court's treatment of a motion for new trial under a deferential abuse of discretion standard. *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1301

(11th Cir. 2019). "Deference to the district court is particularly appropriate where a new trial is denied, and the jury's verdict is left undisturbed." *Id.* (quotations omitted).

## II.

Roundtree filed a complaint against Corrections Officer Sharon Bowers individually pursuant to 42 U.S.C. § 1983 for allegedly violating his right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from excessive or unreasonable force while being held in custody at the Levy County Jail as a pretrial detainee. The district court held a jury trial and Roundtree presented 2 videos and one witness in addition to himself. Roundtree testified that he was 19 years old and an inmate in the Levy County Jail in the J Dorm on March 19, 2018, the day of the incident. His cell was located on the upstairs level of the dorm.

Roundtree stated that the Officers ordered all the inmates in J Dorm to bring their laundry downstairs, and Roundtree was one of the last inmates to bring his laundry. Roundtree came downstairs wearing a towel on his head, and Officer Bowers directed him to remove the towel from his head, but Roundtree refused and cursed at her. Officer Bowers asked him to remove the towel several more times before he complied and called Officer Bowers a "bitch." Officer Mitchell, who was on duty with Officer Bowers, then handcuffed Plaintiff.

Roundtree further testified that as Officer Mitchell was leading him away, Officer Bowers grabbed his arm and pinched him.

Roundtree stated that he pulled his arm away but did not kick or head butt Officer Bowers.  At this point, Roundtree testified that Officer Bowers pulled out her metal mace can and started hitting him on the head. Officer Mitchell then moved him to a corner, where Officer Bowers continued to hit him.  Roundtree stated that he was angry during the incident, but he did not yell or threaten Officer Bowers.  Other officers escorted Roundtree to the infirmary, where Roundtree asked the staff to take pictures of his scratches and bruises.  He stated that he did not refuse medical treatment.

Officers Mitchell and Bowers testified that Roundtree was violating several institutional rules when he wore the towel on his head, refused to remove it, cursed at the officers, and caused a general disturbance.  Both officers testified that they did not hit Roundtree.  Officer Mitchell testified that Roundtree kicked him, and he heard Roundtree refuse medical treatment.  Officer Mitchell did not notice any blood on Roundtree.  Officer Bowers testified that Roundtree was belligerent and disrespectful to her, but she did not hit him during the encounter.  She stated that at one point, she thought Roundtree was going to head butt her, and she pulled out her mace can but could not get it to open so she did not spray Roundtree.  She called her supervisor, who testified that Roundtree's anger was directed toward Officer Bowers and no other officer.  The supervisor testified that he did not see any injuries or blood on Roundtree.  The nursing supervisor testified that Roundtree did not request any medical aide.

The jury returned a verdict in favor of Officer Bowers. Roundtree filed a motion for new trial, which the district court denied. Roundtree filed a timely notice of appeal. He raises three issues on appeal: (1) whether the district court abused its discretion in denying his motion in limine; (2) whether the district court abused its discretion by precluding Roundtree from introducing into evidence a public investigatory report of the event in question; and (3) whether the district court abused its discretion in denying his motion for new trial.

### III.

#### A. *Motion in Limine*

In his motion in limine, Roundtree requested that the district court preclude any evidence of his prior arrests that did not result in conviction, any evidence of illicit drug and alcohol use, and any evidence of treatment for a sexually transmitted disease. After hearing from the parties on the motion, the district court ruled that the evidence was admissible because Roundtree alleged a claim for mental anguish. Later, Roundtree dismissed this claim, and the jury did not hear any of the evidence. On appeal, Roundtree argues that the district court abused its discretion in denying his motion in limine. The record demonstrates that the district court did not abuse its discretion in initially allowing this evidence, and if the district court erred in its initial ruling, any error was harmless.

We conclude that the district court correctly ruled the evidence did not meet the high standard to be excluded under FRE 403, which has a "strong presumption in favor of admissibility." *United States v. Church*, 955 F.2d 688, 703 (11th Cir. 1992). We will reverse only if the complaining party establishes that the evidentiary ruling resulted in a "substantial prejudicial effect" warranting reversal of the jury's verdict. *Anderson v. WBMG-42*, 253 F.3d 561, 563 (11th Cir. 2001). "The moving party makes that showing by demonstrating that the error 'probably had a substantial influence on the jury's verdict.'" *Burchfield v. CSX Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011) (quoting *Proctor v. Fluor Enters.*, 494 F.3d 1337, 1352 (11th Cir. 2007)). "Substantial prejudice goes to the outcome of the trial; where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." *United States v. Barton*, 909 F.3d 1323, 1331 (11th Cir. 2018) (internal quotation marks omitted).

Roundtree cannot meet his burden of showing that this evidentiary ruling had a substantial influence on the jury's verdict because the jury did not hear the evidence. Roundtree achieved his desired result – the jury heard none of the evidence he sought to exclude. Thus, this evidence had no effect on the outcome of the trial. Moreover, even if the district court erred in initially allowing this evidence, any error was harmless. As stated, the jury did not hear any evidence of Roundtree's prior arrests, illicit drug and

alcohol use, and his treatment for a sexually transmitted disease. Thus, Roundtree suffered no prejudice.

B. *Best evidence rule*

Roundtree contends that the district court abused its discretion by precluding the admission of an internal investigatory report in which an investigator stated that the videos of the incident showed that the officers hit Roundtree 16 times. The district court precluded this report under Federal Rule of Evidence 1002 (the best evidence rule). Under this rule, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FRE 1002. This rule applies when a witness seeks to testify about the contents of a recording when the witness was not privy to the events described. *See, e.g., Benjamin v. Thomas,* 766 F. App'x. 834, 837 (11th Cir. 2019).

We conclude that the district court properly sustained Officer Bowers's objection to the excerpt from the Levy County Sheriff's Office internal investigation in which the investigator wrote, "I have watched the video and [Officer Bowers] struck [Roundtree] 16 times." In attempting to admit this report, Roundtree planned to prove the contents of the videos separate and apart from the videos alone by a witness who was not privy to the events described by the videos. The district court determined the excerpt from the report violated the best evidence rule and properly excluded this evidence.

Further, there was no basis to establish that Lt. Tummond, the author of the excerpt from the report, was in a better position than the jury to interpret the surveillance videos admitted into evidence. Because Lt. Tummond was testifying as a lay witness, his testimony had to satisfy FRE 701(b), which requires that the evidence be helpful in determining a fact in issue. *See FRE* 701(a)-(b) (If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue). The videos were admitted into evidence and the jury was able to view the videos and make an independent determination of its contents. Thus, because Lt. Tummond's opinion would have usurped the jury's role instead of being helpful, the district court correctly found that Lt. Tummond's statement was not simply a statement of fact; rather, it was a statement of Lt. Tummond's opinion of what transpired in the videos. Accordingly, we conclude that the district court did not abuse its discretion in precluding Lt. Tummond's report.

C. *Motion for New Trial*

Roundtree contends that the district court abused its discretion by denying his motion for new trial. He claims that the evidence was overwhelming that Officer Bowers used excessive force on him during the incident in question. It is within a district court's discretion to grant a new trial if it finds a jury's "verdict is against the great, not merely the greater weight of the evidence." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.,* 571 F.3d 1143, 1145

(11th Cir. 2009).  If the jury's verdict is supported by the evidence, then it is immaterial that we or the district judge would have arrived at the same verdict because it is not our place to substitute our judgment for that of the jury.  *Id.*

The evidence presented by Roundtree and Officer Bowers demonstrated the force used included verbal commands, handcuffs, hands-on escort, an unsuccessful attempt to use mace spray, and hand strikes.  Officer Mitchell testified that once Roundtree was behind the vestibule door, Officer Bowers could not reach him and any striking motions did not connect with Roundtree, who was directly in front of Officer Mitchell and in his view.  Roundtree testified that after he was placed in handcuffs, he was under control and did not pose a threat to Officer Bowers or anyone else.  However, this testimony was contradicted in part by Roundtree, who testified that he jerked away after Officer Mitchell placed him in handcuffs.

The testimony of all the officers involved contradicted Roundtree's assertion that he posed no threat to Officer Bowers or anyone else. They all testified that placing handcuffs on an individual does not eliminate all possible threat because the individual can continue to use his head, mouth, body, and legs to resist or harm officers.  The testimony of Officer Bowers and Officer Mitchell established that Roundtree used his head, body, and legs to continue resisting both officers.  These officers also testified that Roundtree was never compliant at any time while he was near Officer Bowers during the incident.

The record further shows that the only testimony of Roundtree's injuries was from Roundtree himself. He stated that the officers struck him multiple times, that he had lumps on his head, and that he received no medical treatment while at the Jail. Roundtree did not present any photographic evidence of his alleged injuries although he stated that he asked the infirmary personnel to take pictures of his injuries.

In reviewing the district court's decision whether to grant a new trial, "our application of this more rigorous standard of review ensures the district court does not simply substitute its own credibility choices and inferences for the reasonable choices and inferences made by the jury." *Auto-Owners Ins. Co.*, 571 F.3d at 1145. Roundtree's argument, in essence, challenges the jury's determination to give greater weight to testimony unfavorable to his claim as opposed to giving greater weight to his interpretation of the evidence. Thus, Roundtree's motion for new trial asked the court to substitute its own credibility choices for the jury's reasonable credibility decisions and substitute its own judgment for the jury's determination. The district court correctly refused to do so. The district court properly ruled that the verdict in this case was not against the great weight of the evidence and properly denied Roundtree's motion for new trial.

## IV.

The record demonstrates that the district court did not abuse its discretion by denying Roundtree's motion in limine, by precluding the introduction of the investigatory report, and by

denying Roundtree's motion for new trial. Accordingly, for the aforementioned reasons, we affirm the district court's judgment entered on the jury's verdict in favor of Officer Bowers on Roundtree's 42 U.S.C. § 1983 claim.

**AFFIRMED.**